IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HEATHER JEAN NEIGHBORS,      )
                             )
        Plaintiff,            )
                             )
    vs.                      )   Civil Action No. 13-660
                             )
MICHAEL J. ASTRUE,           )
COMMISSIONER OF SOCIAL       )
SECURITY,                    )
                             )
        Defendant.            )

O R D E R

AND NOW, this 19th day of August, 2014, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it

1

would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 8) is DENIED and defendant's Motion for Summary Judgment (document No. 10) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

[1] Aside from arguing generally that the ALJ's decision was inconsistent with the evidence and testimony, Plaintiff contends that substantial evidence does not support the ALJ's credibility determination. The Court disagrees.

It is well established that "[a]llegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. § 404.1529(c), and an ALJ may reject a claimant's subjective testimony if []he does not find it credible so long as [the ALJ] explains why []he is rejecting the testimony." Hall v. Comm'r of Soc. Sec., 218 Fed. Appx. 212, 215 (3d Cir. 2007) (citing Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 433 (3d Cir. 1999)); see also SSR 96-7p, 1996 WL 374186 (S.S.A.).

In finding that Plaintiff's subjective complaints were not entirely credible, the ALJ considered Plaintiff's testimony and allegations of disabling pain, but evaluated those complaints against the objective medical evidence in the record and Plaintiff's treatment history. See (R. 17-21); see also Hall, 218 Fed. Appx. at 215. The ALJ engaged in a detailed discussion regarding the host of evidence in the record that contradicted Plaintiff's allegations of disability and noted that "despite undergoing a litany of objective studies, the etiology of [her] alleged pain was unknown". (R. 19). The ALJ further noted that he was giving Plaintiff the benefit of the doubt by finding that she was more limited than the ALJ had found in a prior determination, and he more than adequately explained why the objective medical evidence failed to support Plaintiff's claims of disabling pain. After careful review of the record, the Court finds that substantial evidence supports the ALJ's credibility finding as well as his ultimate determination that Plaintiff is not disabled. Accordingly, the Court affirms.